**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LeKayle M Booker, | No. CV-23-00500-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Ross Department Store, et al., | |
| Defendants. | |

Plaintiff LeKayle M. Booker, proceeding pro se, initiated this action on November 6, 2023, by filing a Complaint (Doc. 1) and an Application for Leave to Proceed in Forma Pauperis (Doc. 2). On November 20, 2023, this Court granted Plaintiff's Application for Leave to Proceed in Forma Pauperis and dismissed the Complaint with leave to amend for failure to state a claim. (Doc. 5.) Plaintiff filed a First Amended Complaint on December 18, 2023. (Doc. 6.)

### I.     Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "is frivolous or malicious" or that it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## II.    First Amended Complaint

Plaintiff sues Defendants Ross Department Store and Mark Rogers under the Americans with Disabilities Act, Title VII of the Civil Rights Act, the Rehabilitation Act, and 42 U.S.C. § 1981.  (Doc. 6 at 1-3.)  Plaintiff alleges that she was hired as a retail associate but that, after she filled out all forms and disclosed that she was disabled, she was told she would work in the warehouse and work her way up to working in the front of the store.  (*Id.* at 4.)  Plaintiff further alleges that her hiring manager told her she did not fill out paperwork even though she did.  (*Id.*)  When she came in to work, she was turned away due to her color and disability.  (*Id.*)  Plaintiff states that she was able to perform the job applied for, with or without accommodations.  (*Id.*)

## III.    Failure to State a Claim

Plaintiff's First Amended Complaint does not allege any specific conduct by Mark Rogers, and he will therefore be dismissed as a defendant.

Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  Plaintiff does not allege in her First Amended Complaint that Defendant

Ross Department Store receives federal financial assistance.  Accordingly, Plaintiff has failed to state a claim under Section 504 of the Rehabilitation Act.

**IV.   Claims for Which Answer Will Be Required**

Liberally construed, Plaintiff alleges that she was qualified for a retail associate position at Ross and was hired for that position, but that the job offer was rescinded after Ross learned of her disability and skin color.  The Court will require an answer to Plaintiff's discrimination claims under 42 U.S.C. § 1981, Title VII, and the Americans with Disabilities Act.

**V.   Warnings**

**A. Address Changes**

If Plaintiff's address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED**:

1.   Plaintiff's claim under Section 504 of the Rehabilitation Act is **dismissed without prejudice**.

2.   Plaintiff's claims against Defendant Mark Rogers are **dismissed without prejudice**.  Mark Rogers is **dismissed** as a defendant in this action.

3.   The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 6), this Order, and both summons and request for waiver forms for Defendant Ross Department Store.

4.   Plaintiff must complete and return the service packet to the Clerk of Court

within 21 days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

5.  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant Ross Department Store within 90 days of the filing of the First Amended Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed.  Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

6.  The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

7.  The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendant must include a copy of this Order.  **The Marshal must immediately file signed waivers of service of the summons.  If a waiver of service of summons is returned as undeliverable or is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

   a.  personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant Ross Department Store pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

   b.  within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant.  The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying

- 4 -

additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.   Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

8. **If Defendant agrees to waive service of the Summons and First Amended Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

9. Defendant Ross Department Store must answer the 42 U.S.C. § 1983, Title VII, and Americans with Disabilities Act claims asserted in Plaintiff's First Amended Complaint.

Dated this 23rd day of April, 2024.

_____
Honorable Rosemary Márquez
United States District Judge